**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| WILLIAM K.,[1]<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-CV-280 (RCY) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff William K. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny his Title II application for disability insurance benefits. On June 22, 2026, Magistrate Judge Summer L. Speight issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 15). The R&R recommended that the Court (1) deny the Plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court reject the R&R and remand the matter for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objections and will adopt the Magistrate Judge's R&R in full.

## I. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). As long as the "grounds for objection are clear, district court judges must consider them

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases by first name and last initial.

*de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). If an objection is not timely filed or sufficiently specific, it is not considered proper, and a district judge reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Importantly, "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation." *Elijah*, 66 F.4th at 460 n.3 (citing *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017)).

In conducting *de novo* review, a court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

Plaintiff only makes one specific objection to the R&R, and it is substantially the same objection he leveled against the underlying decision of the ALJ in his Motion for Summary Judgment: that the Magistrate Judge erred in determining that the ALJ's findings were supported by substantial evidence, because the ALJ did not resolve a conflict between the state agency doctors' findings and limitations and the ALJ's Step Five findings with respect to the degree and type of instruction Plaintiff can complete on a sustained, full-time basis. Pl.'s Obj. 3, ECF No. 16; Pl.'s Mem. Supp. Summ. J. 1, 3, ECF No. 11. Plaintiff argues that the ALJ's analysis of the state

doctors' findings—that they were "generally persuasive" and "largely consistent with the evidence"—"presents an apparent and unexplained conflict with [the ALJ's] Step Five findings," insofar as the doctors recommended limitations that would exceed a GED Reasoning Level of 1, but "[a]ll three jobs cited by ALJ Knight at Step Five are either GED Reasoning Level 2 or 3 jobs." Obj. 2–3. Faced with this specific objection, the Court is obligated to engage in *de novo* review of the record to determine whether the ALJ's findings are supported by substantial evidence. *Elijah*, 66 F.4th at 460. But, having done so, the Court is not persuaded by Plaintiff's objection. The Court finds the R&R well-reasoned, supported by the record and applicable law, and consistent with this Court's *de novo* assessment, and as such will adopt the R&R in full.

Specifically, the Court agrees with Defendant and the Magistrate Judge that there is, in fact, no unexplained conflict between the ALJ's classification of the administrative doctors' findings as "*generally* persuasive" and her determinations of Plaintiff's residual functional capacity (RFC) limitations and available work. *See* Comm'r's Mot. Summ. J. 2, ECF No. 14 (emphasis added); R. & R. 8, ECF No. 15. Contrary to Plaintiff's position, the ALJ applied the proper legal standards in evaluating the state agency doctors' opinions, and substantial evidence otherwise supports her ultimate determinations.

In the course of her five-step[2] disability evaluation, the ALJ determined Plaintiff's RFC to be—as relevant to this appeal—that Plaintiff "could maintain the concentration, persistence, and pace necessary to carry out simple instructions," that "he had a limited ability to interact with others in the workplace," "he could demonstrate appropriate social skills, and that he was capable of interacting with supervisors frequently, and with coworkers and the public occasionally," "he

[2] The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 CFR § 404.1520(a). Between steps three and four, the ALJ determines the claimant's RFC, which accounts for the most the claimant can do despite his or her impairments. *Id.* § 404.1545(a). Steps four and five then consider whether the claimant can perform his or her past work, or, if not, whether the claimant can perform other work that is available in the national economy. *Id.* §§ 404.1520(a)(4)(iv), (v).

could adhere to a routine, and . . . he was able to complete a normal workday and workweek, perform activities within a schedule, maintain attendance, be punctual, sustain a routine, and attend work without restriction," and "he could respond to changes in the work setting, be aware of and take precautions against, normal hazards, and travel in unfamiliar places without difficulty." R. 26–28.

Plaintiff argues that "an apparent and unexplained conflict" exists between this determination, which in part drew from the "generally persuasive" findings of Dr. Leslie Montgomery and Dr. Eric Oritt, and the ALJ's step-five determination that Plaintiff could perform jobs that exist in significant numbers in the national economy, specifically, jobs at Reasoning Levels 2 and 3. Pl.'s Obj. 2–3.

As noted by the Magistrate Judge, although the ALJ found the findings of Drs. Montgomery and Oritt to be "largely consistent with the evidence," the ALJ nevertheless pointed out that where the finding suggested by their reports left room for more capacity than the agency doctors credited. For example, the ALJ observed that Drs. Montgomery and Oritt suggested that Plaintiff could not complete complex work activities, but

> [n]evertheless, [Plaintiff] was able to do puzzles, prepare simple meals, drive, manage his own funds, and handle his own medical care [Hearing Testimony; Exs. 4E; 2F; 5F; 8F]. These activities required him to follow instructions or procedures, remember information, remain on task, persist in an appropriate way, adapt to changes, make decisions, work at an appropriate pace, and sustain some degree of attention and concentration, which implies that he could maintain the concentration, persistence, and pace necessary to carry out simple instructions.

R. at 27 (citation brackets in original) (emphasis added). Although this capacity determination exceeds the simple, one- to two-step task limitation identified by Drs. Montgomery and Oritt, *see* R. at 72, 81, it certainly does not rise to the level of "complex work activities" that the agency doctors ruled out for Plaintiff.

The Court is not persuaded by Plaintiff's argument that the ALJ failed to sufficiently explain why Plaintiff could perform beyond the reasoning level identified by Drs. Montgomery and Oritt. Instead, the Court agrees with the Magistrate Judge, that there is "no conflict between an ability to carry out simple instructions and the level two reasoning occupations identified at step five." R. & R. 14 n.7 (citing *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019)). In *Lawrence v. Saul*, the Fourth Circuit found no conflict between an RFC limitation of simple assignments and level two occupations (which involve the carrying out of "detailed but uninvolved written or oral instructions," DOT, Appendix C), observing that "there is no conflict between 'simple' and 'uninvolved' instructions, as both connote instructions that 'are not complicated or intricate.'" 941 F.3d at 143 (quoting *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010)). Notably, Plaintiff does not engage with *Lawrence* at all in his Objection,[3] and instead argues that the ALJ and Magistrate Judge both ignored the fact that the agency doctors "limited Plaintiff not only to simple, 1-2 step tasks, but no more than an *occasional* ability to carry out detailed instructions." Pl.'s Obj. 2 (emphasis in original) (citing R. at 72, 81). But this argument omits the qualifier that the *Lawrence* court rested on: level two jobs involve "detailed *but uninvolved*" instructions. Plaintiff's disregard of *Lawrence* and reliance on unpublished, pre-*Lawrence* caselaw[4] to argue that level two jobs are out-of-bounds for Plaintiff is unavailing.

Finally, the Court is not persuaded by Plaintiff's argument that the ALJ's crediting of Drs. Montgomery and Oritt's opinions as "generally persuasive" required the ALJ to then adopt each and every aspect of those opinions, to include their recommended limitation on the performance of tasks involving detailed instructions and that even simple tasks must be "short." Pl.'s Mem.

[3] He does give passing acknowledgment in his Memorandum in Support of Summary Judgment. *See* Pl.'s Mem. Supp. Summ. J. 8.

[4] *See* Pl.'s Mem. Supp. Summ. J. 6–7 (relying on *Henderson v. Colvin*, 643 F. App'x 273, 276–77 (4th Cir. 2016)).

Supp. Summ. J. 7–8. *Boddie v. O'Malley*, 2024 WL 5692242, at *3 (D.S.C. Mar. 28, 2024), *aff'd sub nom. Boddie v. Comm'r of Soc. Sec. Admin.*, 2025 WL 1625540 (4th Cir. June 9, 2025); *Edith S.-L. v. Comm'r of Soc. Sec.*, 2022 WL 22296947, at *12–13 (E.D. Va. Feb. 2, 2022), *report and recommendation adopted sub nom. Edith S.-L. v. Kijakazi*, 2022 WL 4472451 (E.D. Va. Sept. 26, 2022). The points at which the ALJ departed from the findings and proposed limitations of the agency doctors were supported by substantial evidence in the record, as thoroughly recounted by the Magistrate Judge. Accordingly, the ALJ's evaluation of the opinions of Drs. Montgomery and Oritt comports with applicable law, and the Court finds no error or other basis to upset her ultimate determination.

Based on the above *de novo* review, the Court finds no error in the Magistrate Judge's conclusion finding no conflict between the ALJ's assignment of general persuasiveness to the state agency opinions, her RFC determinations, and her ultimate determination that Plaintiff could perform jobs that exist in the national economy. R. & R. at 14. Consequently, the Court likewise finds that the ALJ's decision was supported by substantial evidence, and thus the Commissioner's decision should be affirmed. The R&R will accordingly be adopted in full.

## III. CONCLUSION

Having reviewed the record, the Court will overrule Plaintiff's objection to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, deny the Plaintiff's motion for summary judgment, and affirm the final decision of the Commissioner.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 28, 2026
Richmond, Virginia